**2024 IL 130364**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 130364)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
CARLOS CLARK, Appellee.

*Opinion filed September 19, 2024.*

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Holder White, Cunningham, and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1   This appeal involves article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). In particular, the appeal involves the amendments to the Code made by Public Act 101-652 (eff. Jan. 1, 2023), commonly referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act) or the Pretrial Fairness Act, along with Public Act 102-1104 (eff. Jan. 1,

2023). The Act abolished monetary bail in favor of a presumption of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Enforcement of the Act began on September 18, 2023. See *Rowe v. Raul*, 2023 IL 129248, ¶ 52. Under the Code, pretrial release may be denied in certain situations, and a defendant may be held in pretrial detention, if the State files a verified petition and the circuit court finds that the State has satisfied its burden at an evidentiary hearing. See 725 ILCS 5/110-2(a) (West 2022). The petition is subject to section 110-6.1(c)(1) of the Code (*id.* § 110-6.1(c)(1)), which governs when a petition to detain must be filed.

¶ 2    In this case, the State filed a criminal complaint against defendant, Carlos Clark, on August 23, 2023. In an *ex parte* hearing, the State appeared before a judge and obtained a warrant for defendant's arrest. Defendant was taken into custody on September 16, 2023, and brought before a judge two days later (on September 18, 2023, the date enforcement of the Act began). At that hearing, the State filed a petition to detain defendant. Over defendant's objection, the Cook County circuit court held a hearing, granted the State's petition, and ordered defendant's pretrial detention.

¶ 3    A divided panel of the appellate court reversed the circuit court's order. The majority found section 110-6.1(c)(1) of the Code required the State to file its petition when it made its *ex parte* appearance before a judge. See 2023 IL App (1st) 231770. Therefore, the court held that the State's petition was untimely because it filed the petition after it made its first appearance. For the reasons that follow, we reverse and remand the judgment of the appellate court.

¶ 4                                    BACKGROUND

¶ 5    On August 23, 2023, prior to the date enforcement of the Act began, the State filed a felony complaint charging defendant with aggravated vehicular hijacking (720 ILCS 5/18-4(a)(1) (West 2022)).[1] That same day, the circuit court issued a warrant for defendant's arrest, fixing his bail at $100,000.

---

[1]The State would later amend the complaint to add additional charges, but those charges are not relevant to this appeal.

¶ 6        On September 16, 2023, defendant was arrested on the warrant. On September 18, 2023—the date enforcement of the Act began—defendant appeared before a judge for the first time, and the State filed a petition to detain defendant. Defendant objected to the petition. He claimed the Code did not permit the State to file its petition because the court already set his monetary bail when it issued the warrant for his arrest. According to defendant, only he could seek to review the set conditions of release. The circuit court disagreed and held a detention hearing. Following the hearing, the court determined that defendant posed a real and present threat to the safety of any person or persons or to the community based on the specific articulable facts of the case. The court granted the State's petition and denied pretrial release.

¶ 7        Defendant filed a timely notice of appeal requesting the reversal of the circuit court's order. Using the standard form approved for Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) appeals by defendants, defendant checked the box for "Other" and raised two issues: (1) he "did not want to avail himself under the [Act] and wished to post the previously set bond" and (2) "[t]he Court did not sufficiently articulate the correct factors in ordering detention and the court failed to make adequate findings under the statute."

¶ 8        Defendant's appointed counsel filed a memorandum pursuant to Rule 604(h),[2] which argued in relevant part that the State's petition was untimely because it was not filed at "the first appearance before a judge," as required by section 110-6.1(c)(1) of the Code. According to defendant, the term "first appearance" included the State's *ex parte* appearance on August 23, 2023, when the trial court issued an arrest warrant fixing defendant's bail at $100,000. Because the State did not file its petition to detain until defendant appeared in court on September 18, 2023, defendant claimed the State's petition was untimely.

¶ 9        The majority of a divided panel of the appellate court reversed the circuit court's detention order. 2023 IL App (1st) 231770. The majority observed that section 110-6.1(c) (725 ILCS 5/110-6.1(c) (West 2022)) contained two subsections, one

---

[2] During the pendency of this appeal, this court received and approved the report and recommendations of the Pretrial Release Appeals Task Force. The recommendations are reflected in several amendments to the Illinois Supreme Court rules, including the requirement that a defendant file a motion for relief in the circuit court as a prerequisite to an appeal (Ill. S. Ct. R. 604((h)(2) (eff. Apr. 15, 2024). These amendments do not affect our decision in this case.

governing the time for filing a petition to detain (*id.* § 110-6.1(c)(1)) and the other governing the time for holding a detention hearing (*id.* § 110-6.1(c)(2)). 2023 IL App (1st) 231770, ¶ 14. It found the different use of the term "appearance" in each of the two subsections significant. Subsection (c)(1) requires the petition to be filed at " 'the first appearance before a judge' " (*id.* (quoting 725 ILCS 5/110-6.1(c)(1) (West 2022))), while subsection (c)(2) requires the hearing to be held within a certain time frame after " 'defendant's first appearance' " if a continuance is requested (*id.* (quoting 725 ILCS 5/110-6.1(c)(2) (West 2022))). The majority believed the use of different wording suggests a distinction between the terms, which did not support the State's view that "first appearance" as used in subsection (c)(1) must mean defendant's first appearance. *Id.*

¶ 10    In the majority's view, "the legislature envisioned a process where the State and trial court need not wait for a defendant's appearance before considering whether to detain that person without setting bail." *Id.* ¶ 16. The majority noted the general definition of "appearance" included the parties to the litigation (*id.* ¶ 17 (citing Black's Law Dictionary (11th ed. 2019))) and noted that the State failed to point to anything "in the text of the Code supporting an interpretation of 'appearance' that excludes the State's actual appearance before a trial judge to begin the prosecution and seek bail" (*id.*). It concluded that under subsection (c)(1) the term "first appearance before a judge" included "an *ex parte* appearance by the State to begin the prosecution by filing a felony complaint and then seek an order setting bail." *Id.* Therefore, the court held that the State's petition, filed after it made an *ex parte* appearance, was untimely under subsection (c)(1). *Id.* ¶ 20.

¶ 11    The dissent believed the "most reasonable construction of the 'first appearance before a judge' language in subsection (c)(1) is that it means the first appearance before a judge at which the defendant is present." *Id.* ¶ 35 (Tailor, J., dissenting). According to the dissent, the *ex parte* proceeding in which the circuit court issued the arrest warrant bore none of the "hallmarks of a detention hearing because, among other reasons, [defendant] was not present and was not given the opportunity to testify, present witnesses, or offer information by proffer or otherwise." *Id.* ¶ 37. In fact, the dissent believed the trial court could not have ruled on a petition had the State filed one at the *ex parte* proceeding because the court would have lacked the necessary information to engage in the analysis that a detention hearing demands. *Id.*

¶ 12    We granted the State's timely petition for leave to appeal on February 14, 2024. Ill. S. Ct. R. 315 (eff. Dec. 7, 2023).

¶ 13                                    ANALYSIS

¶ 14    Section 110-6.1(c)(1) of the Code sets forth the time limitations that control when the State may file a petition for pretrial detention. See 725 ILCS 5/110-6.1(c)(1) (West 2022). The timing of the petition depends on whether defendant is entitled to notice. *Id.* The issue here is the timing requirement for a petition for pretrial detention without notice to defendant. In this scenario, section 110-6.1(c)(1) provides "[a] petition may be filed without prior notice to the defendant at the *first appearance before a judge*." (Emphasis added.) *Id.* In resolving this issue, we must determine the meaning of the term "the first appearance" as used in section 110-6.1(c)(1).

¶ 15    Statutory interpretation presents a question of law, subject to *de novo* review. *People v. Ramirez*, 2023 IL 128123, ¶ 13. The primary objective when construing a statute is to ascertain the intent of the legislature and give effect to that intent. *People v. Molnar*, 222 Ill. 2d 495, 518 (2006). The best means of accomplishing this objective is through the statutory language itself, given its plain and ordinary meaning. *People v. Woods*, 193 Ill. 2d 483, 487 (2000). When interpreting a statute, a court must "view all provisions of an enactment as a whole," taking care not to isolate words and phrases but reading them "in light of other relevant provisions of the statute." *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000). With these principles in mind, we begin by reviewing the relevant provisions of the Code.

¶ 16    Section 109-1 of the Code sets forth the procedures that must take place upon arrest. See 725 ILCS 5/109-1 (West 2022). Generally, "[a] person arrested with or without a warrant for an offense for which pretrial release may be denied *** shall be taken without unnecessary delay before" a judge. *Id.* § 109-1(a). Section 109-1(b) imposes certain duties upon the court when defendant is brought before a judge for the first time. *Id.* § 109-1(b). At this "initial appearance" hearing, the judge shall appoint counsel to represent defendant if defendant is indigent, admit defendant to pretrial release, or upon verified petition of the State, proceed with the setting of a detention hearing in accordance with section 110-6.1. *Id.* § 109-1(b)(2), (4).

¶ 17    Section 109-1(f) requires defendant's physical presence at any hearing in which conditions of pretrial release are determined,

> "unless the accused waives the right to be present physically in court, the court determines that the physical health and safety of any person necessary to the proceedings would be endangered by appearing in court, or the chief judge of the circuit orders use of that system due to operational challenges in conducting the hearing in person." *Id.* § 109-1(f).

In addition, "[d]efense counsel shall be given adequate opportunity to confer with the defendant prior to any hearing in which conditions of release or the detention of the defendant is to be considered." *Id.* § 109-1(g).

¶ 18    Article 110 of the Code governs pretrial release and detention. *Id.* art. 110. Section 110-2(a) provides that "[a]ll persons charged with an offense shall be eligible for pretrial release before conviction." *Id.* § 110-2(a). "It is presumed that a defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release." *Id.* However, pretrial release may be denied for persons charged with certain enumerated offenses and only after the court has held "a hearing under Section 110-6.1." *Id.*

¶ 19    Section 110-6.1 sets forth the procedures governing the denial of pretrial release. Section 110-6.1 defines the offenses for which pretrial release may be denied. *Id.* § 110-6.1(a)(1)-(8). The State must file a verified petition stating the "grounds upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts or flight risk, as appropriate." *Id.* § 110-6.1(d)(1). If the State files a second or subsequent petition, it is required "to present a verified application setting forth in detail any new facts not known or obtainable at the time of the filing of the previous petition." *Id.* § 110-6.1(d)(2). Once the State files a timely petition to deny pretrial release, "the court shall immediately hold a hearing on the petition unless a continuance is requested." *Id.* § 110-6.1(c)(2). The court "may deny or grant the request for continuance," and if it grants a continuance, "the hearing shall be held within" 24 to 48 hours of "defendant's first appearance," depending on the offense charged. *Id.*

¶ 20        Prior to the hearing, the State must provide defendant with "copies of the defendant's criminal history available, any written or recorded statements, and the substance of any oral statements made by any person, if relied upon by the State in its petition, and any police reports in the prosecutor's possession at the time of the hearing." *Id.* § 110-6.1(f)(1). Like section 109-1, section 110-6.1 requires the hearing to be conducted in person,[3] defendant also has the right to be represented by counsel (*id.* § 110-6.1(f)(3)), and counsel "shall" be given adequate opportunity to confer with the defendant before any hearing at which conditions of release or detention are considered (*id.*). Defendant is permitted to testify, present witnesses, and cross-examine witnesses at the hearing. *Id.* Both the State and defendant "may present evidence at the hearing by way of proffer based upon reliable information." *Id.* § 110-6.1(f)(2). The State bears the burden of proving by clear and convincing evidence that (1) the proof is evident or presumption great that defendant committed a detainable offense; (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk; and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e).

¶ 21        "Decisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention. Risk assessment tools may not be used as the sole basis to deny pretrial release." *Id.* § 110-6.1(f)(7). In making this determination, the circuit court is to consider certain factors including, but not limited to, the nature and circumstances of the offense; the history and characteristics of the defendant; the identity of any person or persons to whose safety the defendant is believed to pose a threat and the nature of the threat; any statements made by, or attributed to, the defendant, together with the circumstances surrounding them; the age and physical condition of the defendant; the age and physical condition of the complaining witness; whether the defendant is known to possess or have access to any weapon or weapons; whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal

---

[3]Due to the statewide operational challenges posed by the Act, this court entered an order temporarily permitting the chief judges of the circuit courts to allow the use of two-way audiovisual communication systems to conduct detention hearings when necessary. See Ill. S. Ct., M.R. 31888 (eff. Aug. 30, 2023).

or completion of sentence for an offense under federal or state law; and any other factor including those listed in section 110-5 of article 110 (*id.* § 110-5) deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior. *Id.* § 110-6.1(g)(1)-(9). If the court finds that the State has met its burden, it shall enter an order for detention. *Id.* § 110-6.1(h).

¶ 22    In interpreting the above provisions, we must be mindful that a court of review should consider the reason for the law, the problems to be remedied, and the objects and purposes sought by the law. *People v. Donoho*, 204 Ill. 2d 159, 171-72 (2003). To that end, the Code provides that the provisions governing pretrial release and detention are to

"be liberally construed to effectuate the purpose of relying on pretrial release by nonmonetary means to reasonably ensure an eligible person's appearance in court, the protection of the safety of any other person or the community, that the person will not attempt or obstruct the criminal justice process, and the person's compliance with all conditions of release, while authorizing the court, upon motion of a prosecutor, to order pretrial detention of the person under Section 110-6.1 when it finds clear and convincing evidence that no condition or combination of conditions can reasonably ensure the effectuation of these goals." 725 ILCS 5/110-2(e) (West 2022).

Our review of the above provisions reveals an emphasis on two important elements of a pretrial detention hearing: defendant's presence and the court's duty to make an informed decision regarding pretrial release or detention. The purpose for this is readily apparent. It ensures defendant is provided with the procedural safeguards provided by the Code, such as the right to counsel. Defendant's presence also allows defendant to challenge the State's evidence and present their own evidence relevant to the factors the court should consider. Subjecting the petition to this type of adversarial testing ensures that the circuit court is provided with enough information to make an informed, individualized decision. See *id.* § 110-6.1(f)(7).

¶ 23    With this in mind, we return to the specific question presented in this appeal: under section 110-6.1(c)(1), when must the State file its petition to deny pretrial release without notice to defendant? To answer this question, we are required to determine the meaning of the term "first appearance" as used in section 110-

- 8 -

6.1(c)(1). Defendant and the appellate court take the broad view of the term "first appearance," interpreting it to mean the first appearance by any party, including the State's *ex parte* appearance before the court when it filed the criminal complaint and sought a warrant for defendant's arrest. The State, by contrast, takes the narrow view that the first appearance is limited to the first time a defendant is brought before a judge. We agree with the State.

¶ 24    As noted above, section 110-6.1(c)(1) provides that "[a] petition may be filed without prior notice to the defendant at the first appearance before a judge." *Id.* § 110-6.1(c)(1). It does not define the term "first appearance," so it is appropriate to look to the dictionary for a definition. See *People v. Brooks*, 221 Ill. 2d 381, 390-91 (2006). Section 110-6.1(c)(1) is also written in the passive voice, leaving it unclear who is making the "first appearance." The absence of an identified subject in the statute, however, does not mean it should be assigned the dictionary's general definition of the term "appearance." See 2023 IL App (1st) 231770, ¶ 17 (majority opinion) (citing Black's Law Dictionary (11th ed. (2019) for the definition of "appearance," which is any party coming into court as a party or interested person, or as a lawyer on behalf of a party or interested person). Instead, the use of the passive voice indicates the legislature intended the term to focus on the occurrence of a specific event, rather than any party's appearance in general. See generally, *Miller v. Department of Agriculture*, 2024 IL 128508, ¶ 41; *Rubin v. Islamic Republic of Iran*, 830 F.3d 470, 479 (7th Cir. 2016) ("a legislature's use of the passive voice sometimes reflects indifference to the actor"). In this context, the event is a particular stage in the proceedings, namely bail proceedings or, in our case, pretrial release and detention proceedings. In the realm of bail proceedings, the "initial appearance" is an event defined as a "criminal defendant's first appearance in court to hear the charges read, to be advised of his or her rights, and to have bail determined." Black's Law Dictionary (11th ed. 2019). This definition is consistent with the "initial appearance" hearing defined in section 109-1 (725 ILCS 5/109-1(a) (West 2022)), which is an event that occurs when a defendant is first brought before a judge. Despite the legislature's use of the word "first" in section 110-6.1(c)(1) and the word "initial" in section 109-1, we believe the legislature intended the terms to have the same meaning because this is the only interpretation that is consistent with the other relevant provisions governing pretrial release.

¶ 25    "[U]pon initial appearance of a person before the court," the court is required to appoint counsel, if necessary, and the court admits defendant to pretrial release or, upon verified petition of the State, proceeds with the setting of a detention hearing. *Id.* § 109-1(b)(2), (4). If the State files its petition at this stage, the detention hearing is to be set and held "immediately" upon the State's verified petition under section 110-6.1(c)(2) (*id.* § 110-6.1(c)(2)). In that case, the court holds a detention hearing at defendant's first appearance before a judge. A hearing held in this manner satisfies the requirement that defendant is physically present and provides defendant with the benefit of counsel. It also provides defendant with a meaningful opportunity to subject the petition to adversarial testing because it allows defendant to challenge the State's evidence and present his own evidence in opposition. The result of this process ensures the court makes an informed, individualized decision regarding pretrial detention. This is what the legislature envisioned.

¶ 26    By contrast, the appellate court's interpretation requires the State to file a petition to deny pretrial release when it files a criminal complaint and seeks an arrest warrant. This would lead to the absurd result of allowing *ex parte* detention hearings. To illustrate, if the State filed a petition at an *ex parte* proceeding, then the court would be required to hold the detention hearing "immediately" as required by section 110-6.1(c)(2) (*id.*). The legislature could not have intended this absurd approach because the Code prohibits the court from holding any hearing to deny pretrial release in defendant's absence. See *Brucker v. Mercola*, 227 Ill. 2d 502, 514 (2007) (we presume the legislature did not intend absurdity, inconvenience, or injustice). A hearing held in this manner also denies defendant the benefit of counsel and a meaningful opportunity to challenge the State's petition. We recognize section 110-6.1(c)(2) permits the court to grant a continuance, in which case the hearing is to be held within 24 to 48 hours of "defendant's first appearance" depending on the charged offense. See 725 ILCS 5/110-6.1(c)(2) (West 2022). However, there is nothing in the Code that requires the State to request a continuance, and likewise there is no requirement that a continuance be granted. Moreover, defendant is placed in the same position regardless of when the State filed the petition because defendant is not entitled to notice of the petition. In either case, defendant will not have received or reviewed the petition until he makes his first appearance in court. Thus, we see no reason for the petition to be filed before defendant is taken into custody and brought before a judge. Therefore, we conclude

that "first appearance" must mean defendant's first appearance under section 6.1(c)(1).

¶ 27 In reaching this conclusion, we reject defendant's argument that the use of the term "first appearance" in section 110-6.1(c)(1) and the term "defendant's first appearance" in section 110-6.1(c)(2) signals a distinction between the two terms. According to defendant, if "first appearance" always meant a defendant's first time physically in court, then the use of the term "defendant's first appearance" in section 110-6.1(c)(2) is superfluous. We can discern no reason why the minor differences in the statutory phrases "first appearance" and "defendant's first appearance" should require different interpretations. As explained, the appellate court's interpretation permits *ex parte* detention hearings, which are prohibited by the Code. Additionally, such a hearing defeats the legislature's intent that the court make a fully informed, individualized detention decision.

¶ 28 We also reject the appellate court and defendant's reliance on the prior version of the Code. The appellate court believed that the Act's amendments to the Code, "track[ ] the longstanding practice of seeking a 'no bond arrest warrant' for certain defendants." 2023 IL App (1st) 231770, ¶ 16. Defendant contends the prior version of the Code is instructive because it provided that a "no bail" petition "may be filed without prior notice to the defendant at the first appearance before a judge" and "[t]he hearing shall be held immediately upon the defendant's appearance before the court." According to defendant, the prior version illustrates the distinction between a "filing of the 'no bail' petition that does not require notice to the defendant or the defendant's physical presence and the 'no bail' hearing that must occur when a defendant appears in court." Defendant claims that, because the current version of the Code uses substantially similar language, it should be interpreted in the same way as the prior version of the Code.

¶ 29 To begin with, relying on practices under the prior version of the Code is misplaced because the Act "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." See *Rowe*, 2023 IL 129248, ¶ 4. Additionally, defendant failed to cite any authority to support his interpretation of the prior version of the Code. Therefore, the use of similar language in both versions of the Code, standing alone, provides no support for defendant's claim that

the term "first appearance" means anything different than its common usage in the realm of bail proceedings.

¶ 30    Moreover, even if we assume defendant's interpretation of the prior Code is correct, there is a subtle but significant distinction between the language used in each version of the Code. The prior version required the hearing to "be held *immediately upon the defendant's appearance* before the court." (Emphasis added.) 725 ILCS 5/110-6.1(a)(2) (West 2020). However, the current version of the Code requires the court to "immediately" hold a detention hearing "[u]pon filing" of the petition. 725 ILCS 5/110-6.1(c)(2) (West 2022). While both versions permit the petition to be "filed at the first appearance," the timing of the hearing on the petition for each version is conditioned on different events (defendant's appearance versus the filing of the petition). This change can mean one of two things. One, the legislature realized that it used the term "first appearance" incorrectly and modified the language accordingly so as not to suggest that "no bond" warrants were permitted. Or, two, the legislature intended to clarify that the petition should be filed at defendant's first appearance because filing a petition to deny pretrial release before defendant's arrest served no purpose given that a hearing could not be held until defendant appeared in court. In either case, the plain language of the current version of the Code is clear that the filing of a petition to deny pretrial release and a hearing on the petition occur simultaneously at defendant's first appearance before the court.

¶ 31    Accordingly, we find the State's petition to deny pretrial release to defendant in this case, which it filed on the same day defendant made his first appearance before a judge, complied with the timing requirements of section 110-6.1(c)(1). Consequently, we reverse the judgment of the appellate court. We express no opinion on the merits of the additional issues raised by defendant in the appellate court. The appellate court resolved the appeal solely on the ground that the petition was untimely under section 110-6.1(c)(1). Having reversed that decision, we remand the matter to the appellate court to consider the alternative issues raised by defendant.

¶ 32                                  CONCLUSION

¶ 33          For the above reasons, we reverse the judgment of the appellate court. The matter is remanded to the appellate court to consider the alternative issues raised by defendant.


¶ 34          Appellate court judgment reversed.

¶ 35          Cause remanded.