NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 241002-U

NO. 4-24-1002

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| JESSE POST, | ) | No. 23CF235 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Justice Knecht concurred in the judgment.
Justice DeArmond dissented.

**ORDER**

¶ 1     *Held*:  The appellate court vacated the trial court's order denying defendant pretrial
release and remanded for a new detention hearing, finding the State's petition was
timely filed but the trial court failed to make sufficient findings.

¶ 2     Defendant, Jesse Post, appeals the trial court's order, entered May 28, 2024,

denying his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963

(Code) (725 ILCS 5/110-1 *et seq.* (West 2022)), hereinafter as amended by Public Act 101-652,

§ 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act

102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023

IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). For the following

reasons, we reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4        On November 7, 2023, defendant was charged by information with three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)). According to the information, from January 1, 2020, through May 28, 2020, defendant, who was over 17 years of age, committed specific acts of sexual contact with C.W., F.W., and E.W., who were all under 13 years of age at the time, for the purpose of his sexual gratification or arousal. A warrant was issued on November 7, 2023, ordering defendant be arrested and held for hearing without pretrial release. The warrant further ordered that he refrain from contact or communication with the alleged victims. Defendant was arrested on May 24, 2024.

¶ 5        On May 28, 2024, the State filed a verified petition to deny defendant pretrial release, alleging he was charged with a sex offense enumerated in the Code and that his pretrial release posed a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. A hearing was held on the petition that same day.

¶ 6        The State proffered the following facts in support of the petition. In May 2020, the mother of the victims, F.W., C.W., and E.W. (seven, five, and four years old at the time), contacted the Canton Police Department, stating defendant had engaged in sexual conduct with the children. The victims were interviewed by Phyllis Todd of Children's Advocacy Center (CAC) in Canton. F.W. and C.W., the two oldest girls, did not make any disclosures of sexual contact with defendant, and E.W., the youngest boy, was too young to participate in an interview. At that time, the mother said she would seek counseling for the children. In October 2023, the mother contacted the Peoria Police Department, stating E.W. had made "statements regarding sexual assault that had happened to him in Canton back in the 2020 time frame." A

detective from the Canton Police Department reached out to a detective at the Peoria Police Department, who indicated that through counseling, the two older children had "open[ed] up about the sexual assault that happened to them back in 2020 and that the youngest, who was not interviewed at the time, was making statements regarding sexual assault that had happened in Canton."

¶ 7        The State informed the trial court that CAC interviewed the children again and proffered the following information:

> "All three minors made substantially similar statements as
> to the scheme and plan by the defendant on basically luring them
> into the kitchen with candy and having oral sex with them while
> [*sic*] they—the father of these three children was exercising
> visitation at his home in Canton, Illinois. At a time when the father
> would go to sleep, the defendant would lure them into the kitchen
> with the promise of giving them Smarties candies and then would
> perform oral sex on them."

Defendant, who was reportedly 26 years old at the time, has no familial connection to the alleged victims but was living with their father in 2020. When the father learned of the allegations, he confronted defendant, and "they no longer lived together after that."

¶ 8        The State further proffered that defendant lived "substantially close currently to the victims." Defendant was not arrested earlier because the Canton Police Department was looking for him and wanted to speak to him before execution of the warrant. The State noted defendant was also in court that day for failure to appear or pay fines in another case, which shows "some amount of proof that the defendant disregards court orders."

¶ 9        Defendant was advised of his right to counsel, and the Fulton County Public Defender's Office was appointed to represent him.

¶ 10       Defendant testified he currently resided in Peoria with his fiancée. He had lived there for three years. He has four children, but only one son resided with him and his fiancée. He stated that he was unemployed but had completed an application for employment at Walgreens. When asked about missing court and failing to pay his fines in the other case, he explained he knew he was required to make bimonthly payments on the fines, but he "decided to hold off on those payments so that I could save up a lump sum to pay it all off at once." Defendant explained "that kind of went out the window" due to financial problems. When his son became ill, he and his fiancée made the decision that he would stay home to care for the child because she earned more than he did at the time. Defendant testified that he would come to court, cooperate with his attorney, and check in with a probation officer or wear an ankle monitor if required to do so.

¶ 11       On cross-examination, defendant was asked about his address and agreed that it was about five blocks away from another street in Peoria (presumably where the victims currently reside).

¶ 12       The State argued that this case involves three vulnerable victims, and defendant lives very close to them. The State asserted further, "[T]he seriousness of the offenses, based upon [defendant's] failure to comply with past court orders, indicates the probability that he would not comply with any combination of pretrial conditions. We believe the safety of the community requires the Court to deny him pretrial release." The State reiterated that the alleged victims in this case are children, with a limited ability to protect themselves, and the safety of these victims and the community at large requires that defendant remain in custody.

¶ 13        The defense noted the allegations are based upon events that allegedly occurred over three years ago, and defendant is presumed innocent of these offenses. There was no pretrial report available, but a background search revealed "traffic history," "a 2008 misdemeanor for possession of cannabis," and a 2017 battery charge, for which he received conditional discharge. Defendant argued there were less restrictive means to ensure the safety of the community, including a no contact order, pretrial probation check ins, or the use of an ankle monitor. Defendant was willing to abide by any conditions the trial court would set for his release.

¶ 14        The trial court granted the State's motion to deny defendant pretrial release. The court found there were substantial articulable facts supporting the offenses, noting the statements of the three victims were consistent and "[i]t would be really remarkable for children of that age to coordinate that kind of response." The court noted defendant admitted to "willful disregard" of a court order when he said he decided to not make payments as ordered so he might pay his fine in a "lump sum" later, which he acknowledged he never did. The court found this to have a "significant bearing" on defendant's willingness to comply with the orders of the court. The court noted the minor children were "extraordinarily vulnerable" and, on this basis, denied defendant pretrial release.

¶ 15        In the written order filed on May 28, 2024, the trial court found by clear and convincing evidence the proof was evident and the presumption great that defendant committed a qualifying offense, he posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case, and there was no condition or combination of conditions that could mitigate that real and present threat. The written findings were as follows: "Based upon the nature of the proffer from the people and the articulable

- 5 -

factors, as well as the consistency in the CAC interviews of all the alleged victims, the defendants [*sic*] failure to abide by previously issued orders of the court for payment."

¶ 16 On July 10, 2024, defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. April 15, 2024). Defendant asked the trial court to reconsider its decision to deny his pretrial release because there were less restrictive means to protect the public other than keeping him in custody. Defendant was previously unaware that his current residence was in close proximity to where the alleged victims currently lived, and he was willing to move to a different location farther away from them. He noted "his criminal history is not substantial enough" to warrant keeping him in custody and reaffirmed that he would abide by any conditions of release imposed.

¶ 17 On July 19, 2024, the trial court denied defendant's motion, finding "no substantial changes in the Defendant's circumstances" had occurred since the original detention hearing, explaining "the court recalls the specific information proffered by the State during the Detention hearing," and concluding there were "no less restrictive means."

¶ 18 This appeal followed.

¶ 19                                      II. ANALYSIS

¶ 20 Defendant argues the trial court erred in denying his pretrial release because (1) the State's petition to deny him pretrial release was untimely and (2) the State failed to show no condition or combination of conditions could mitigate any real and present threat posed by his pretrial release.

¶ 21                          A.  Timeliness of the State's Petition

¶ 22 Defendant argues the trial court's decision to detain him must be vacated because the State's petition was not filed in a timely manner. Defendant contends the requirement that the

petition be filed "at the first appearance before a judge" required the State to file the petition on November 7, 2024, when the State appeared in court to file the information and obtained a warrant for defendant's arrest. This argument was recently rejected by the Illinois Supreme Court in *People v. Clark*, 2024 IL 130364. In *Clark*, our supreme court interpreted the phrase "first appearance before a judge" in section 110-6.1(c)(1) of the Code (725 ILCS 5/110-6.1(c)(1) (West 2022)), to mean the first time a *defendant* is brought before a judge and rejected the argument that such petitions must be filed the first time *any* party appears before the court, including the State's *ex parte* appearance to file a criminal complaint and seek an arrest warrant. *Clark*, 2024 IL 130364, ¶¶ 23, 26. Therefore, like in *Clark*, the State's petition to deny pretrial release to defendant, which was filed the same day he made his first appearance before the judge, complied with the timing requirements of section 110-6.1(c)(1) of the Code.

¶ 23                    B. Conditions of Release

¶ 24          Defendant argues the State failed to show by clear and convincing evidence there exists no condition or combination of conditions that could mitigate any real and present threat posed by his pretrial release. In support, defendant contends he was not aware that he lived in the "general vicinity" of the alleged victims and he was willing to move to a different location farther away from them. He also asserts his failure to pay the fines in his misdemeanor case was the result of financial difficulties and cannot be considered clear and convincing evidence that he will not comply with other conditions of release in the present case.

¶ 25          Section 110-2(a) of the Code provides that all criminal defendants are presumed eligible for pretrial release, subject to certain conditions. 725 ILCS 110-2(a) (West 2022). The State may petition for pretrial detention if (1) a defendant is charged with a detainable offense as enumerated in the Code; (2) the defendant's release would pose "a real and present threat to the

safety of any person or persons or the community, based on the specific articulable facts of the case," or the defendant "has a high likelihood of willful flight to avoid prosecution"; and (3) "no condition or combination of conditions" can mitigate the threat or likelihood of flight. 725 ILCS 5/110-6.1(d), (e)(1)-(3) (West 2022). The State has the burden to prove by clear and convincing evidence that any condition of pretrial release is necessary. *Id.* § 110-2(b). We review a trial court's denial of a defendant's pretrial release for an abuse of discretion. *People v. Morgan*, 2024 IL App (4th) 240103, ¶ 35. An abuse of discretion occurs when the trial court's decision is "arbitrary, fanciful, or unreasonable [citation] or where no reasonable person would agree with the position adopted by the trial court [citation]." *People v. Becker*, 239 Ill. 2d 215, 234 (2010).

¶ 26　　　　Defendant does not challenge the trial court's conclusion that he was charged with a detainable offense and posed a threat to the safety of any person or the community. Defendant's only challenge to the court's decision to deny his pretrial release is the finding that there were "no less restrictive means" to protect the alleged victims or the community from any threat he may pose. A finding of dangerousness alone does not automatically warrant pretrial detention. *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 18 (finding pretrial detention requires more than a detainable offense and a threat to public safety). "Instead, the trial court must determine, based on the specific facts of the case and the defendant's individual background and characteristics, whether any combination of conditions can mitigate the threat and allow the defendant's release." *Id.* "In each case, a court must conduct an 'individualized' assessment of the propriety of detaining the defendant versus releasing him or her with conditions." *Id.* ¶ 15. If the trial court decides to deny pretrial release, the detention order must include

"written finding[s] summarizing the court's reasons for concluding

that the defendant should be denied pretrial release, including why

less restrictive conditions would not avoid a real and present threat

to the safety of any person or persons or the community, based on

the specific articulable facts of the case, or prevent the defendant's

willful flight from prosecution." 725 ILCS 5/110-6.1(h)(1) (West

2022).

¶ 27    We conclude the trial court failed to make sufficient findings for this court to conduct a meaningful review of its decision in this case. A review of the written order and the transcripts of the proceedings reveals the court did not provide sufficient detail regarding the basis for its decision to deny defendant's pretrial release. The nature and circumstances of the offenses charged are disturbing, to say the least. However, as this court has determined, "the fact that a person is charged with a detainable offense is not enough to order detention, nor is it enough that the defendant poses a threat to public safety." *Atterberry*, 2023 IL App (4th) 231028, ¶ 18. The facts alleging the basic elements of a violent offense, or in this case an otherwise repugnant offense, may be part of the proof that no conditions could mitigate the threat posed by a defendant, but those facts alone are not enough. *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18. "If the base allegations that make up the *sine qua non* of a violent offense were sufficient on their own to establish this element, then the legislature would have simply deemed those accused of violent offenses ineligible for release." *Id.*

¶ 28    The trial court mentioned the alleged victims were "extraordinarily vulnerable" and the State proffered that defendant lived near them. However, there is nothing in the record to suggest that defendant had any access to the victims in the three years after the alleged offenses

occurred. Defendant was living with the alleged victims' father when the offenses occurred, but when the allegations were revealed, that living arrangement ended. Defendant moved to Peoria and was not aware that he lived in the same area as the alleged victims. Defendant offered to move to a different location away from the area where the alleged victims resided, abide by a no contact order, be supervised by pretrial parole services, wear an ankle monitor, and abide by any other conditions the court deemed necessary. The court referred to the CAC interviews of the alleged victims, but there are no documents in the record revealing the contents of those interviews or findings to reveal how that evidence informed the court's conclusion that there were "no less restrictive means." In fact, the court failed to state any finding on the record to explain why no other condition or combination of conditions could mitigate any threat defendant posed to the alleged victims or the community. Although the court found it significant that defendant failed to make payments toward his fines in a separate case and considered this to be evidence that he would not comply with the court's orders, this is insufficient to explain why no other options could mitigate this concern. "Decisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2022).

¶ 29    We find the trial court abused its discretion by failing to make a record adequate to allow meaningful review of its exercise of discretion. As this court previously admonished, "Our own obligation to afford meaningful review under the Code thus relies on the trial court conducting a full and fair evaluation of the evidence and showing its work; otherwise, we cannot 'agree' with its detention order." *People v. Martin*, 2023 IL App (4th) 230826, ¶ 25. Therefore, we vacate the order denying defendant pretrial release and remand with directions for the court to promptly set a new detention hearing, at which the State can present evidence and the court

can make express findings, based on defendant's individual circumstances, as to whether any condition or combination of conditions allow for his pretrial release, as required by the Code. See 725 ILCS 5/110-6.1 (West 2022).

¶ 30                                     III. CONCLUSION

¶ 31          For the reasons stated, we vacate the trial court's judgment and remand for further proceedings consistent with this decision.

¶ 32          Vacated and remanded.

¶ 33          JUSTICE DeARMOND, dissenting:

¶ 34          I respectfully dissent. When considering the written order in conjunction with the trial court's oral findings, I believe the court made a sufficient record showing both the need for detention and why less restrictive conditions would not be adequate. Further, defendant's purported motion for relief—which is supposed to set forth his issues for appeal—is substantively a motion for reconsideration, merely repeating the arguments made at the detention hearing. Defendant's claim on appeal was not included in his motion for relief and should be considered forfeited. Defendant did not argue before the court the State failed to show an absence of less restrictive means; rather, his motion claims "there are *other* less restrictive means than detention." (Emphasis added.) Because defendant failed to assert the State did not prove less restrictive means than detention would ensure the safety of any person, persons, or the community prior to appeal, the issue is forfeited. See *In re M.P.*, 2020 IL App (4th) 190814, ¶ 44, 155 N.E.3d 577 ("A defendant forfeits an issue for purposes of appellate review by failing to object to the alleged error or raise it in a written posttrial motion.").

¶ 35          For these reasons, I respectfully dissent.