2024 IL App (1st) 231770-B
No. 1-23-1770B
Opinion filed December 13, 2024

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2023200138301 |
| CARLOS CLARK, | ) ) ) | The Honorable Anthony Calabrese, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    Carlos Clark contends the State had no power to detain him under article 110 of the Code

of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public

Act 101-652 (eff. Jan. 1, 2023) and Public Act 102-1104 (eff. Jan. 1, 2023), commonly known as

the Pretrial Fairness Act (Act). But Clark's contention cannot be squared with the supreme court's

decision in this case, *People v. Clark*, 2024 IL 130364, ¶ 31 (remanding for us to consider Clark's

"alternative issues"). We now find that the record refutes Clark's assertion that the trial court disregarded the Code when ordering him detained and affirm.

¶ 2                                    BACKGROUND

¶ 3    About a month before the Act took effect, the trial court signed an order authorizing Clark's arrest and setting his bail at $100,000. See 725 ILCS 5/107-9(d)(7) (West 2020). This action followed the State filing a felony complaint that day, charging Clark with aggravated vehicular hijacking (720 ILCS 5/18-4(a)(1) (West 2022)). The felony minute sheet also detailed allegations of the possibly three additional offenses, unlawful restraint, aggravated fleeing, and retail theft, and noted Clark's then-current custody in McHenry County.

¶ 4    Three weeks later, the State executed the Cook County arrest warrant. Two days after that, on the Act's effective date, the State petitioned to detain Clark. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 & n.1 (noting neither "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" nor "Pretrial Fairness Act" are "official" names but common shorthand for the sequence of public acts). The trial court held a hearing that day, during which Clark made his first appearance.

¶ 5    Clark objected to the hearing, asserting that the Code did not allow the State to petition for his detention. He argued that under the Code, only he could seek review of the conditions of his release and there were no grounds for the State to now petition for his detention. In response, the State contended that the Code authorized it to move for detention during a first appearance before the trial judge, so its petition was proper.

¶ 6    The trial court agreed with the State, held a detention hearing, and issued a written order denying release.

¶ 7    Clark filed a timely notice of appeal to this court using the standard form approved for Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). He argued that he "did not want to avail himself under the [Act] and wished to post the previously set bond" and that the trial court failed to "sufficiently articulate the correct factors" or "make adequate findings" when ordering his detention. On appeal to this court, he contended that the State's petition was untimely because it was not filed at "the first appearance before a judge."

¶ 8    This court agreed that the State's petition was not timely under the Code. *People v. Clark*, 2023 IL App (1st) 231770, ¶ 20. The State filed an appeal with the supreme court. Earlier this year, the supreme court reversed, holding section 110-6.1(c)(1) of the Code permitted the State's petition to detain when Clark first appeared before the trial court. *Clark*, 2024 IL 130364, ¶ 31. The supreme court remanded for us "to consider the alternative issues raised by [Clark]." *Id.*

¶ 9                                    ANALYSIS

¶ 10    Clark contends that (i) the State had no power under the Code to petition to detain him because he had already been granted pretrial release, and (ii) the trial court failed to "sufficiently articulate the correct factors" or "make adequate findings" when ordering his detention. We disagree with both contentions.

¶ 11    Clark's arguments require us to interpret the Code, which presents legal questions we review *de novo*. *People v. Ramirez*, 2023 IL 128123, ¶ 13. Courts discern a statute's meaning from the plain and ordinary meaning of its words and do not add exceptions, limitations, or conditions that would contradict the legislature's intent. *Id.* The Code is viewed as a whole, so any challenged provisions are read in harmony with other relevant parts. *Clark*, 2024 IL 130364, ¶ 15.

¶ 12                                Section 110-7.5(b)

¶ 13   Clark argues section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)) does not allow the State to petition for the detention of individuals like him who had been ordered released. He interprets that section as allowing only him to request a hearing regarding the conditions of release. The State responds that section 110-7.5(b) does not apply because Clark "never appeared before a court where he was released with pretrial conditions." In light of the supreme court's decision, we agree with the State.

¶ 14   Section 110-7.5 of the Code contemplates three types of defendants whose cases would have been pending when the Code changed. The first includes those who have been released pretrial after posting security. *Id.* § 110-7.5(a). Clark had never been released and, so, does not fit the first category.

¶ 15   The second type includes "any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security." *Id.* § 110-7.5(b). The third type includes individuals who remain in custody and have not been ordered released, so individuals that do not fit the second type. *Id.* § 110-7.5(b).

¶ 16   The parties' dispute over section 110-7.5(b) turns less on the text and more on what they bring to that text. Clark says an order is an order and that he fits the second category because the trial court signed an order permitting his arrest and fixing his bail at $100,000. See 725 ILCS 5/107-9(d)(7) (West 2020). But, Clark does not fit the second category because the record contains no order after a bail hearing.

¶ 17   In *Clark*, the supreme court confronted a similar issue. *Clark*, 2024 IL 130364, ¶ 23. The Code used the phrase "first appearance before a judge." See 725 ILCS 5/110-6.1(c)(1) (West 2022). The court interpreted that phrase as defendant's initial appearance before a judge,

suggesting that the Code meant "[defendant's] first appearance [before a judge]." *Clark*, 2024 IL 130364, ¶ 26. Thus, the supreme court rejected the idea that the State must petition to detain when it first appears, for instance, when filing a complaint and seeking an arrest warrant. *Id.* ¶ 23 (agreeing with "narrow view" focused on defendant).

¶ 18     The supreme court arrived at this conclusion by examining other "relevant provisions" of the Code and distilling them to "two important elements." *Id.* ¶¶ 15-22 (analyzing sections under articles 109 and 110 of the Code (725 ILCS 5/art. 109, art. 110 (West 2022)). The twin purposes driving the amended Code were (i) ensuring the defendant's presence and (ii) the trial court's "duty to make an informed decision regarding pretrial release or detention." *Id.* ¶ 22. Thus, limiting section 110-6.1(c)(1)'s reach as if adding the word *defendant's* was the "only interpretation *** consistent with the other relevant provisions governing pretrial release." *Id.* ¶ 24 (equating statute's use of "first appearance" with term of art in bail proceedings "initial appearance").

¶ 19     The logic of *Clark* similarly directs us to limit the apparent reach of section 110-7.5(b) by focusing on bail proceedings. We read section 110-7.5(b) as if the Code said "any person who remains in pretrial detention after having been ordered released with pretrial conditions [at a bail hearing]." 725 ILCS 5/110-7.5(b) (West 2022). This interpretation aligns with the "relevant provisions" of the Code identified by the supreme court. *Clark*, 2024 IL 130364, ¶¶ 15-22. Therefore, we agree with the State that Clark does not fit the second category under section 110-7.5(b) because the record contains no order after a bail hearing and hold that section does not apply to Clark.

¶ 20                                Factors and Findings

¶ 21    Lastly, Clark contends the trial court failed to "sufficiently articulate the correct factors" or "make adequate findings" when ordering detention. The record refutes these contentions.

¶ 22    Generally, the State may detain a person only by charging an offense eligible for detention and then proving (i) the proof is evident or the presumption great that defendant committed the detention-eligible offense, (ii) the defendant poses a real and present threat to the safety of persons or the community based on the specific articulable facts of the case, and (iii) no condition or combination of conditions can mitigate that real and present threat. 725 ILCS 5/110-6.1(e)(1)-(3) (West 2022). Ultimately, the trial court must "determine whether pretrial release is appropriate" under the Code. *People v. Mikolaitis*, 2024 IL 130693, ¶ 20.

¶ 23    In this case, the trial court satisfied these requirements. First, it found that the State "ha[d] proven by clear and convincing evidence that the proof is evident and the presumption is great that [Clark] committed the offense of aggravated vehicular hijacking," among other charges. Second, the trial court determined that Clark "pose[d] a real and present threat to the safety of any person in the community," noting the allegations included the victim's advanced age, Clark's threat of violence against her, his prior felony convictions, and previous failures to appear. Finally, based on these considerations, the trial court concluded that no pretrial release conditions less restrictive than detention would mitigate Clark's real and present danger.

¶ 24    We hold that the trial court complied with the Code when ordering Clark detained.

¶ 25                                  CONCLUSION

¶ 26    The record refutes Clark's assertion that the trial court disregarded the Code when ordering him detained.

¶ 27    Affirmed.

---

### *People v. Clark*, 2024 IL App (1st) 231770-B

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2023200138301; the Hon. Anthony Calabrese, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Rebecca Cohen, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Jessica R. Ball, Assistant State's Attorney, of counsel), for the People. |

---