NOTICE: This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 250164-U

Order filed July 3, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-25-0164 Circuit No. 23-CF-2056 |
| | ) | |
| JOHNATHAN NATHANIEL MOSLEY, | ) ) | Honorable Amy B. Christiansen, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Davenport and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The court erred in continuing to deny pretrial release based on defendant's high likelihood of willful flight.

¶ 2    Defendant, Johnathan Nathaniel Mosley, appeals the Will County circuit court's decision to continue detaining him under section 110-6.1(i-5) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(i-5) (West 2024)) based on his high likelihood of willful flight. We reverse and remand.

¶ 3                                I. BACKGROUND

¶ 4        On November 13, 2023, defendant was charged with aggravated battery (Class 3) (720 ILCS 5/12-3.05(c), (h) (West 2022)). The State filed a verified petition to deny pretrial release, alleging defendant had a high likelihood of willful flight to avoid prosecution under section 110-6.1(a)(8) of the Code (725 ILCS 5/110-6.1(a)(8) (West 2022)). The petition indicated that defendant had "multiple Failure to Appear Warrants issued" and had a prior incident in which he fled from the police during arrest. It also stated that defendant had "been put on various sentences where he has been terminated unsatisfactorily which goes to show that the Defendant is not inclined to follow orders of Pretrial Risk."

¶ 5        The factual basis provided that officers were dispatched to a gas station for a report of a battery and spoke to the victim. The victim told officers an unknown male later identified as defendant asked for her number, and she would not give it to him. She then walked up to the register, and defendant walked up and shoved her. "Defendant began to call [the victim] a 'bitch,' walked up to her again and punched her on the head causing a laceration to her lip." Defendant then began throwing items from the shelves at her and said he would be back to "shoot (this) place up." An independent witness corroborated the incident. When driving to the scene, officers observed defendant who matched the description given by the 911 caller. The victim identified defendant as her attacker. While being escorted to the squad car, defendant refused the officer's orders to stand and walk to the vehicle. Once in the vehicle, he began hitting his head against the partition, screaming, and stating he was being "beat up" by the officers. Defendant continued to exhibit erratic behavior when transported to the hospital and during booking.

¶ 6        Defendant's pretrial risk assessment indicated that he lived with his aunt and had resided in his current residence for 10 years. He was a Level 2 risk, with Level 6 being the highest level

risk. The assessment indicated that defendant had "[t]wo or more failures to appear." The assessment solely listed two failures to appear in a prior misdemeanor driving-while-license-suspended case. Defendant did not appear for pretrial on March 1, 2018, and he failed to appear after his conviction on July 30, 2018. Defendant had 19 prior convictions, including convictions for burglary, possession of a stolen motor vehicle, aggravated assault, aggravated battery of a peace officer, retail theft, and domestic battery.

¶ 7        A hearing was held on the petition on November 13, 2023. The State provided the information set forth above and argued that defendant was a flight risk. Defense counsel asserted that defendant was not a flight risk and had only missed a few court dates. He argued that defendant's "failures to appear" referred to by the State involved one case in which defendant failed to appear for a pretrial and posttrial hearing. In response, the State indicated that, when interacting with defendant, the officers discovered that defendant had multiple failure to appear warrants in cases in 2012, 2014, and 2015. The court granted the State's petition finding that it met its burden by clear and convincing evidence. In doing so, it stated in part,

> "So here is what I have. I have multiple failures to appear in these matters. I have in 17 TR 73234 there was pretrial failures to appear, post-conviction failures to appear. In 18 DV 481, it was terminated unsatisfactorily. 18 CF 1167 terminated unsatisfactorily. The defendant didn't follow what he was supposed to."

The court mentioned that defendant fled the scene of the crime in another incident. The court further found that there were no conditions to mitigate the risk of flight. Defendant appealed, and this court affirmed. *People v. Mosley*, 2024 IL App (3d) 230686-U.

¶ 8        On March 13, 2025, defendant filed a *pro se* motion for pretrial release, which is the subject of this appeal. In the motion, defendant alleged that he did not pose a high likelihood of

3

willful flight to avoid prosecution. Regarding his prior failures to appear, defendant indicated that he had obtained additional evidence showing that he had sought to cure his prior failures to appear or was in jail at the time. Attached to the motion were a number of exhibits, including: (1) a letter from the Du Page County Sheriff's office indicating defendant was in custody from May 23, 2018, to January 15, 2019; (2) a court file history printout showing a warrant was issued for failure to appear on January 12, 2015, and the warrant was quashed on January 26, 2015; and (3) a court file history printout showing a warrant was issued for failure to appear on December 10, 2012, and defendant moved to quash the warrant on December 13, 2012.

¶ 9       A hearing was held on the motion on March 14, 2025. Defendant indicated that he had only one uncured failure to appear, which he argued was insufficient to qualify him as a flight risk. Defendant presented the exhibits attached to his motion. Defendant indicated that he cured his failures to appear by going to the courthouse, paying a fine, and subsequently appearing. The court found that continued detention was necessary. Defendant filed a motion for relief, which was denied.

¶ 10                                    II. ANALYSIS

¶ 11      On appeal, defendant contends that the court erred in continuing to detain him. Every person charged with an offense is eligible for pretrial release, which may be denied only in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving, by clear and convincing evidence, that (1) the proof is evident or presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and

4

the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5; *People v. Mikolaitis*, 2024 IL 130693, ¶¶ 20-21. When the hearing on the State's petition contains no live witness testimony, such as here, our review is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 12        For subsequent hearings like the one held in this case, the statute only requires the court to find "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2024).

> "Although this determination necessarily entails consideration of the threat or flight risk posed by a defendant and the potential mitigation of such threat or flight risk by conditions of release, the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing." *People v. Mulbrandon Casey*, 2024 IL App (3d) 230568, ¶ 13.

¶ 13        The Code defines "willful flight" as:

> "intentional conduct with a purpose to thwart the judicial process to avoid prosecution. Isolated instances of nonappearance in court alone are not evidence of the risk of willful flight. Reoccurrence and patterns of intentional conduct to evade prosecution, along with any affirmative steps to communicate or remedy any such missed court date, may be considered as factors in assessing future intent to evade prosecution." 725 ILCS 5/110-1(f) (West 2024).

In addition, section 110-3(c) of the Code provides that for the purpose of evaluating future risk of willful flight "a nonappearance in court cured by an appearance in response to a summons

shall not be considered as evidence of future likelihood of appearance in court." *Id.* § 110-3(c). As we noted previously, "Based on the plain language of these two sections, *** courts can consider recurring, uncured failures to appear as evidence of a high likelihood of willful flight under the Code, but not an 'isolated nonappearance.' " *Mosley*, 2024 IL App (3d) 230686-U, ¶ 11 (quoting *People v. Perez*, 2024 IL App (4th) 230967-U, ¶ 12).

¶ 14     Here, we find that the court erred in continuing to detain defendant. Of the four missed court dates proffered, defendant cured two of the dates within a short period of time and was in custody for another. Thus, only an isolated nonappearance remained. *Mosley*, 2024 IL App (3d) 230686-U, ¶ 11. This alone was not sufficient to show a "[r]eoccurrence and pattern[ ] of intentional conduct to evade prosecution." 725 ILCS 5/110-1(f) (West 2024). Moreover, unsatisfactory termination of probation does not indicate willful flight. While the State notes that one of defendant's exhibits included a sentence that said, "Out of County Warrant," it is unclear what that notation means, and the State made no argument or proffer about this warrant or any other failures to appear. Thus, we find that the State failed to prove defendant was a flight risk and the court erred in continuing to detain defendant. We thus remand for the court to release defendant on any conditions it deems necessary.

¶ 15                                   III. CONCLUSION

¶ 16     The judgment of the circuit court of Will County is reversed and remanded.

¶ 17     Reversed and remanded.