2025 IL App (4th) 250598
NO. 4-25-0598

FILED
September 22, 2025
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| JESSE POST, | ) | No. 23CF235 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court, with opinion.
Justices Knecht and DeArmond concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Jesse Post, was denied pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). Subsequently, defendant filed a motion seeking review of his pretrial detention. After a hearing, the trial court determined defendant's continued detention was necessary to avoid the real and present threat he posed. See 725 ILCS 5/110-6.1(i-5) (West 2024). Defendant filed a motion for relief, which was denied. In accordance with Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024), defendant relies upon his motion for relief filed in the trial court as his argument on

appeal. In his motion, defendant argues the court's decision should be reversed because he established a change in circumstances showing there now were less restrictive means of protecting the community from any threat he posed. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3                     A. Initial Pretrial Detention Proceedings and First Appeal

¶ 4            On November 7, 2023, defendant was charged by information with three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)). According to the information, from January 1, 2020, through May 28, 2020, defendant, who was over 17 years of age, committed specific acts of sexual contact with C.W., F.W., and E.W., who were all under 13 years of age at the time, for the purpose of his sexual gratification or arousal. The State filed a verified petition to deny defendant pretrial release, alleging he was charged with a sex offense enumerated in the Code and his pretrial release posed a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. See 725 ILCS 5/110-6.1(a)(5) (West 2024). After a hearing, the trial court denied defendant pretrial release. Defendant's motion for relief pursuant to Rule 604(h)(2) was denied, and he filed a timely appeal. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 5            On appeal, this court determined the trial court failed to make a record adequate to allow a meaningful review of its decision to deny defendant pretrial release. Therefore, we vacated the order denying defendant's pretrial release and remanded with directions for the trial court to promptly set a new detention hearing, at which the State could present evidence and the court could make express findings, based on defendant's individual circumstances, as to whether any condition or combination of conditions would allow for his pretrial release. *People v. Post*, 2024 IL App (4th) 241002-U, ¶ 29.

- 2 -

¶ 6                    B. Proceedings on Remand and Second Appeal

¶ 7            On remand, the trial court held a new detention hearing. The State presented the following evidence: (1) proffered testimony of Sheriff Jonathon Webb regarding a prior unrelated investigation of abuse allegations involving defendant's four-year-old daughter; (2) proffered testimony of Officer Ryan McCabe regarding the abuse allegations involving the three victims in this case (the victims were seven, five, and four years old at the time, and the abuse occurred when defendant was their father's roommate); and (3) testimony of Breitanyia L., the mother of the three victims, explaining defendant's alleged abuse of her children as well as what several other people had told her about being victimized by defendant. Defendant testified prior to his arrest he was a "stay-at-home father" to his youngest son living in Peoria and he had no contact with his other three children. If released, he stated he would reside in St. David, Illinois, with his mother, would have no reason to go to Peoria, and would abide by any conditions of release including restrictions on his movement and wearing an ankle monitor. The evidence presented was discussed at length by this court in defendant's second appeal and need not be repeated here. See *People v. Post*, 2025 IL App (4th) 241527-U.

¶ 8            The trial court denied defendant's pretrial release, expressing concerns regarding the victims and the community at large and finding there was no set of circumstances at that time supporting defendant's pretrial release. Defendant's motion to reconsider pursuant to Rule 604(h)(2) was denied.

¶ 9            Defendant appealed, arguing, *inter alia*, the trial court erred in allowing hearsay evidence regarding his danger to the community, considering evidence of a 2017 Child Advocacy Center interview of his child that did not result in any arrest or criminal charges, and

finding the State proved there existed no less restrictive means of protecting the community from the threat he may pose. We affirmed. *Post*, 2025 IL App (4th) 241527-U, ¶ 49.

¶ 10 C. Defendant's Motion for Release Based on Change in Circumstances

¶ 11 On April 23, 2025, defendant filed a motion for review of his pretrial detention order pursuant to section 110-6.1(i-5) of the Code, arguing for his pretrial release. Defendant stated a change in circumstances had occurred since the order to detain was entered and pointed to the following: (1) he had obtained appropriate housing and would reside with his parents, (2) his parents would provide constant and direct supervision, (3) he would agree to wear an ankle monitor, and (4) he would abide by all terms and conditions the court wished to impose upon him. Defendant contended because of these circumstances "there is no longer a real and present threat to the safety of any person, persons or the community" and his continued pretrial detention was no longer necessary.

¶ 12 A hearing was held on May 6, 2025. The court took judicial notice of the evidence presented at the prior detention hearing as well as this court's decision affirming the decision (*Post*, 2025 IL App (4th) 241527-U).

¶ 13 Defendant testified, if he was released, he would reside in St. David, Illinois, at his mother's residence and he would agree to being placed on home confinement. Defendant was willing to wear a GPS ankle monitor to confirm he remained at home, and his parents would be able to provide constant supervision of him. He explained, although his father worked, his mother would be home all the time and he would abide by any conditions imposed by the court.

¶ 14 On cross-examination, defendant admitted he last resided with his parents from 2020 to 2022. The trial court then inquired regarding defendant's parents. Defendant testified his father was 67 years old and his mother was 64 years old. His father was in good health and was

employed, but his mother suffered from a heart condition and an artery disease that required her to receive medical attention on a regular basis.

¶ 15        In arguing there are less restrictive means to protect the community other than continued detention, defense counsel conceded "some of this information may seem to be not very dissimilar" to the information presented at the prior detention hearing. Still, he argued the information presented, notably defendant being "agreeable to house arrest," "dispels or dissipates some of the concern the Court would have at [defendant's] free reign to go wherever he wished to or be wherever he wished to."

¶ 16        In response, the State stood by its previous arguments as to why there was no condition or combination of conditions to protect the community from defendant in this case. The State pointed out defendant's testimony did not establish a change in circumstances, other than defendant's assertion that "his mother would watch him 24/7."

¶ 17        At the close of arguments, the trial court denied defendant's motion, finding GPS monitoring would not work in this case, noting the testimony regarding defendant's conduct at the prior hearing was "of significant concern" and given defendant's mother's age and health.

¶ 18        Defendant filed a motion for relief pursuant to Rule 604(h)(2), asking the court to reconsider its decision to deny his pretrial release because there were less restrictive means to protect the public other than keeping him in custody. On May 29, 2025, the trial court denied defendant's motion, finding there was no substantial change in his circumstances or the evidence since his detention and determined there remain no less restrictive means to protect the community other than his continued confinement.

¶ 19        This appeal followed.

¶ 20                                II. ANALYSIS

¶ 21    First, we are obliged to address defendant's compliance with our supreme court rules in the context of the sufficiency of the presentation of his contentions on appeal.

¶ 22    Defendant relies on his motion for relief filed in the trial court as his argument on appeal in accordance with Rule 604(h)(7), which expressly states "[t]he motion for relief will serve as the argument of the appellant on appeal" and an appellant may, but is not required to, file a memorandum in support. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). However, the rule also makes it clear, "[w]hether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." *Id.* It is well settled that all supreme court rules of procedure are mandatory, not mere suggestions. *People v. Garstecki*, 382 Ill. App. 3d 802, 811 (2008). Further, a party may not simply "dump the burden of argument and research" on the reviewing court; rather, a reviewing court is "entitled to have the issues clearly defined and to be cited pertinent authority." (Emphasis omitted.) *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56. Defendant's motion lacks citation of the record or reference to any relevant authority and has not accurately framed the issue for this court; as such, this court may deem defendant's claims forfeited. However, we decline to do so and will address the merits of defendant's claim because his motion, although extremely brief and completely lacking authority, does contain some basic facts and support for the relief he seeks.

¶ 23    Importantly, we caution defendants relying upon a Rule 604(h)(2) motion for their argument on appeal to be more mindful of the requirements of the rule and the potential consequences of failing to comply. The appellate court is being pushed to engage in an ever-

increasing amount of advocacy for criminal defendants—a position that is not acceptable. As we have previously stated, "[e]ven without the application of [Illinois Supreme Court Rule 341 (eff Oct. 1, 2020)], we doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf—something heretofore expressly forbidden." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13. In these instances, however, the appellate court is regularly being put in the position to do so due to the insufficiency of the motions for relief being relied upon by these defendants on appeal. This is unacceptable. As such, defendants must endeavor to present a more complete analysis of the issues in their motions for relief or, as the rule allows, file a supplemental memorandum in support of the appeal rather than relying on the appellate court to do the work for them. See *id.* (discussing the truncated procedures set forth in Rule 604(h) as compared to Rule 341, stating the appellate court "cannot be expected to formulate an argument for defendant out of whole cloth," and concluding appellants still must present "some rudimentary facts, argument or support for the conclusory claim[s]"); *People v. Hill*, 2024 IL App (2d) 240436-U, ¶ 26 (declining to find forfeiture of claims in a motion for relief relied upon for appeal under Rule 604(h)(7) because, "[w]hile defendant's motion for relief may be rather brief, it does contain at least some rudimentary facts and support for the relief he seeks"); *People v. Arroyo*, 2025 IL App (2d) 250058-U, ¶ 30 (finding claims in motion for relief relied upon pursuant to Rule 604(h)(7) forfeited for failing to develop argument or cite pertinent authority but, forfeiture aside, deciding the merits). The consequences for failing to comply with Rule 604(h)(7) by presenting arguments "with sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities," (Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)) will be forfeiture of the claim of error on appeal. See *In re D.S.*, 2025 IL App (1st) 241635, ¶ 49 (finding

- 7 -

bare contentions without citation of authority do not merit consideration on appeal and are forfeited).

¶ 24        In his one-paragraph, run-on sentence motion for relief, defendant contends he showed a change in circumstances had occurred establishing there were less restrictive means to protect the victims and the community other than his continued confinement. In support he points to the following to justify his release with conditions: (1) he secured housing in Fulton County with his parents, who would be able to provide 24 hour supervision of him, (2) he would wear an ankle monitor and abide by the conditions of house arrest, (3) he would be able to assist his mother with her health issues, (4) he would have no contact with the alleged victims or their family, and (5) he would abide by any other conditions the court wished to impose of him.

¶ 25        When a defendant has been denied pretrial release under the dangerousness standard, the Code provides, "[a]t each subsequent appearance of the defendant before the court, the judge must find that continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(i-5) (West 2024). There is a fundamental difference between an order of detention and an order of *continued* detention. When issuing an order of detention, the trial court begins with the presumption a defendant should be granted pretrial release unless certain criteria are met and the State meets its burden of proving the necessity for pretrial detention. See *id.* §§ 110-2(a), (b), 110-6.1(a)(1), (8). When issuing an order of continued detention, however, the detention decision has already been made and often already subjected to appellate review—as occurred twice in this case—so the question relating to whether the State proved each of the three propositions for pretrial detention by clear and convincing evidence during the initial hearing is not before the court. See *People v. Mulbrandon Casey*, 2024 IL App (3d) 230568,

¶ 13. In fact, the Code sets forth no standard of proof or burden of proof for a finding regarding a defendant's continued detention. See *People v. Thomas*, 2024 IL App (1st) 240479, ¶ 14.

¶ 26      In *People v. Walton*, 2024 IL App (4th) 240541, ¶ 28, this court addressed the method by which trial courts must assess the issue of continued detention under section 110-6.1(i-5) and determined a trial court must find a change in circumstances has occurred before altering an existing detention order under this provision. In doing so, we compared the language of the three provisions of the Code governing the process of reviewing pretrial detention or conditions of detention, which is required at every subsequent court appearance. *Walton*, 2024 IL App (4th) 240541, ¶¶ 23-29; see 725 ILCS 5/110-5(f-5) (West 2024) (stating procedures for reviewing the continued necessity of conditions of a defendant previously granted pretrial release); 725 ILCS 5/110-6(j) (West 2024) (stating procedures for review of continued detention when a defendant was initially released but later detained after that release has been revoked); *id.* § 110-6.1(i-5) (stating procedures for reviewing the necessity of continued detention of a defendant who was detained at the initial hearing). We concluded as follows: "Because only section 110-5(f-5) *specifically excludes* the requirement to show 'new information or a change in circumstance' [citation], we conclude that such a showing *is required* for relief under section 110-6(j) or section 110-6.1(i-5)." (Emphases added.) *Walton*, 2024 IL App (4th) 240541, ¶ 28. We explained, "[i]f a court has found that a defendant qualifies for detention and no new information or change in circumstances is presented, it makes little sense to think that court would reverse its prior ruling for no particular reason." *Id.* ¶ 29; accord *Thomas*, 2024 IL App (1st) 240479, ¶ 14.

¶ 27      The next question we must address is what standard of review should be applied on appeal. The majority of the district courts have previously held a trial court's decision at

- 9 -

subsequent hearings regarding continued detention pursuant to section 110-6.1(i-5) of the Code is reviewed for an abuse of discretion. *Thomas*, 2024 IL App (1st) 240479, ¶ 16; *People v. Harris*, 2024 IL App (2d) 240070, ¶ 42; *Mulbrandon Casey*, 2024 IL App (3d) 230568, ¶ 14; *Walton*, 2024 IL App (4th) 240541, ¶ 40; *People v. Long*, 2023 IL App (5th) 230881, ¶ 16 (applying the abuse of discretion standard to an appeal of a continued detention order). But see *People v. Alcantara*, 2024 IL App (5th) 240195-U, ¶ 33 (declining to apply abuse of discretion standard for a continued detention issue and reviewing the trial court's factual findings under the manifest weight standard). We pause to consider this matter because of our supreme court's recent decision in *People v. Morgan*, 2025 IL 130626, wherein the court resolved the conflict regarding the standard of review to be employed at a pretrial detention hearing. In *Morgan*, the court held the standard of review to be employed when the parties to a pretrial detention hearing proceed solely by proffer is *de novo* and, when live testimony is heard, the standard is manifest weight of the evidence. *Id.* ¶ 54. However, it is important to note *Morgan* involved an initial petition for detention, not a determination of whether continued detention was appropriate, and did not suggest that *Thomas*, *Casey*, *Harris*, or *Walton* were no longer good law.

¶ 28        After *Morgan*, one decision has continued the reasoning set forth in *Thomas*, *Casey*, *Harris*, and *Walton*, concluding that, because proceedings under section 110-6.1(i-5) of the Code do not require the specific findings required at the initial pretrial detention hearing and, in fact, the section contains no standard of proof or burden of proof, it is "logical that the legislature intended the finding required by [this section] *** to be discretionary in nature." *People v. Mansoori*, 2025 IL App (1st) 250481-U, ¶ 32. In contrast, two districts have determined the reasoning in *Morgan* "applies equally to hearings on continued detention." *People v. Thomas*, 2025 IL App (1st) 250251-U, ¶ 23 (applying *Morgan* and utilizing *de novo*

review because the parties proceeded solely by proffer); see *People v. Brito*, 2025 IL App (1st) 242601-U, ¶ 45 (applying *de novo* review where the parties proceeded by proffer); *People v. Rice*, 2025 IL App (3d) 250262, ¶ 10 (citing *Morgan* for the standard of review in continued detention hearing); *People v. Mosley*, 2025 IL App (3d) 250164-U, ¶ 11 (citing *Morgan* for the standard of review in continued detention hearing). Still, other panels of the court have declined to decide the question of the standard of review, finding instead that the trial court's decision was not erroneous under either applicable standard of review. See *People v. Martinez*, 2025 IL App (1st) 250730-U, ¶ 17; *People v. Triplett*, 2025 IL App (2d) 250246, ¶ 22; *People v. Washington*, 2024 IL App (1st) 240894-U, ¶ 40.

¶ 29    We are aligned with the line of cases distinguishing a trial court's initial pretrial detention decision from its continued detention decisions, thus distinguishing *Morgan*, and conclude the appropriate standard of review in this situation is the abuse-of-discretion standard. In *Morgan*, the court held "there is nothing discretionary about making a finding as to whether the State has met its standard of proof of a particular fact." (Internal quotation marks omitted.) *Morgan*, 2025 IL 11130626, ¶ 28. Section 110-6.1(i-5) of the Code does not set forth a standard of proof or impose a burden of proof regarding the issue of pretrial detention. Therefore, we find persuasive the proposition that, "if the purpose of a standard of proof is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication,' [(*Morgan*, 2025 IL 130626, ¶ 29)] then the absence of such a standard suggests the legislature intended to leave the decision to the trial court's discretion." *Mansoori*, 2025 IL App (1st) 250481-U, ¶ 32. In sum, a trial court's decision regarding continued detention under section 110-6.1(i-5) of the Code is reviewed for an abuse of discretion. An abuse of discretion occurs when the trial court's "decision is arbitrary, fanciful or

unreasonable, or where no reasonable person would agree with the position adopted by the [trial] court." (Internal quotation marks omitted.) *Walton*, 2024 IL App (4th) 240541, ¶ 33.

¶ 30            In this case, we determine the trial court did not abuse its discretion in concluding that defendant's continued detention was necessary to avoid a real and present threat to the safety of any person or persons or the community. Defendant failed to present to the court any new information or demonstrate a change in circumstances to justify changing the court's decision to order his pretrial detention. Defendant stated he had secured housing in Fulton County with his parents who would be able to provide 24-hour supervision of him. However, at defendant's prior hearing, he also stated he would be able to live under his mother's supervision in Fulton County. The only information that could be considered "new" was defendant's assertion that his 64-year-old mother, who suffers from health issues requiring regular medical attention, did not work and could provide 24-hour supervision. The court considered defendant's mother's age and health concerns to be relevant factors to assessing her ability to monitor defendant and noted the testimony presented at the prior hearing regarding defendant's conduct remained of "significant concern." Defendant stated he would wear an ankle monitor and abide by the conditions of house arrest. Defendant volunteering to wear an ankle monitor is not new information, as he stated his willingness to do so at the prior hearing. Although defendant's willingness to be under house arrest was not specifically discussed at his prior hearing, the court at that time was told defendant was amenable to wearing an ankle monitor, being prohibited from going to Peoria, and any other restrictions on his movement. The possibility of wearing a GPS monitor in the context of house arrest was a condition available at the time of defendant's prior hearing; thus, it is not a change in circumstances. Further, defendant's statement that "he would be there to assist with his mother[']s health issues" is not new information that would impact the necessity for defendant's

continued detention. Finally, defendant stated he would have no contact with the alleged victims or their family and would abide by any conditions the court wished to impose upon him. This cannot be considered a change in circumstances or new information as defendant stated this at his prior hearing as well.

¶ 31 After our careful review, we conclude the trial court's decision that defendant's continued detention was necessary to avoid a real and present threat to the safety of any person or persons or the community was based on the specific articulable facts of the case and was not arbitrary, fanciful, or unreasonable. Defendant's "new information" was basically that he was willing to be on house arrest with GPS monitoring and under the supervision of his elderly parents. This option and information were available to the trial court at the time of his prior detention hearing and are, therefore, insufficient to show a change in circumstances as is required to warrant a change in his detention status.

¶ 32 Although we have determined the proper standard of review of a continued detention determination is abuse of discretion and the trial court's decision was not an abuse of discretion in this case, we further find the result would be the same under the manifest weight of the evidence standard as well. Therefore, we affirm.

¶ 33 III. CONCLUSION

¶ 34 For the reasons stated, we affirm the trial court's judgment.

¶ 35 Affirmed.

*People v. Post*, 2025 IL App (4th) 250598

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Fulton County, No. 23-CF-235; the Hon. Thomas B. Ewing, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and James Wozniak, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |