NOTICE
Decision filed 05/05/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260064-U

NO. 5-26-0064

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 25-CF-525 |
| | ) | |
| TRENT M. DAILEY, | ) | Honorable Mark E. Bovard |
| | ) | and Brien J. O'Brien, |
| Defendant-Appellant. | ) | Judges, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's orders detaining defendant and denying his motion for relief are affirmed where he waived all potential arguments on appeal.

¶ 2   Defendant, Trent M. Dailey, appeals the trial court's November 3, 2025, pretrial detention order and the January 13, 2026, order denying his motion for relief. For the following reasons, we affirm.

¶ 3                    I. BACKGROUND

¶ 4   On October 10, 2025, defendant was charged by information with one count of unlawful possession of a weapon, a Class 3 felony, and three counts of aggravated fleeing or attempting to elude a peace officer, Class 4 felonies. 720 ILCS 5/24-1.1(a) (West 2024); 625 ILCS 5/11-204.1 (West 2024).

1

¶ 5    On October 14, 2025, the State filed a petition to deny pretrial release, alleging that defendant was charged with unlawful possession of a weapon by a felon, a felony offense for which imprisonment was required by law, pursuant to section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (Code). 725 ILCS 5/110-6.1 (West 2024). Additionally, the petition alleged that defendant was charged with aggravated fleeing and eluding, which was a felony involving the threat or infliction of great bodily harm or permanent disability or disfigurement, pursuant to section 110-6.1(a)(1.5) of the Code. *Id.* § 110-6.1(a)(1.5). The State argued that the "residual clause" included in the Code applied because defendant's charge posed a threat of great bodily harm or permanent disability or disfigurement to the community at large. The petition stated that defendant's release posed a real and present threat to the community, and no condition or combination of conditions would mitigate the treat.

¶ 6    The matter proceeded to a hearing on October 14, 2025. A transcript of the proceeding was not filed in the record on appeal, and no bystanders report was filed. The docket entry stated: "Cause called to hearing on Petition to Deny PreTrial [*sic*] Release. State presents proffer. Arguments heard. Court finds the need for detention has NOT been met and that same is NOT necessary. Petition denied." Defendant was released with the standard conditions to refrain from violating any laws or statutes, appear for court, and cooperate with pretrial services. No additional conditions were given.

¶ 7    On October 20, 2025, the State filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). The motion asserted that the State proved by clear and convincing evidence that defendant committed detainable offenses, both unlawful possession of a weapon by a felon (UPWF) and aggravated fleeing and eluding. UPWF was detainable under sections 110-6.1(a)(1) and (a)(6)(O) of the Code, and aggravated fleeing and eluding was detainable under

section 110-6.1(a)(1.5) of the Code. 725 ILCS 5/110-6.1(a)(1), (a)(6)(O), (a)(1.5) (West 2024). Further, the State argued it proved that defendant's release posed a real and present threat, and no combination of pretrial release would mitigate the risk. The State asked the trial court to grant the petition and deny defendant pretrial release.

¶ 8       The trial court held a hearing on November 3, 2025, before a different judge than the initial hearing on the petition to detain. The trial court stated that it reviewed the petition, affidavit of the arresting officer, and the pretrial investigation report. The affidavit stated that on August 16, 2025, Detective Roley attempted to conduct a traffic stop on a sports bike motorcycle for obstructed registration of the license plate and speeding 70 miles per hour in a 30 miles per hour zone. The motorcyclist did not stop when the detective signaled a stop with emergency lights and a siren, disobeyed two stop signs, which almost caused a traffic crash, and reached speeds of nearly 130 miles per hour. The driver crashed into a corn field and fled into it on foot. Law enforcement attempted to find the driver for two hours, but were unable to do so. Law enforcement ultimately discovered that defendant was the owner and driver of the motorcycle. During a traffic stop for another individual, Detective Roley recognized defendant and inquired as to the motorcycle case, but defendant declined to comment. Defendant was arrested and while conducting a search, Roley found a taser device labeled as a "Tiger USA Xtreme High Voltage Police Grade" taser device, which defendant was not permitted to own as a felon.

¶ 9       The State proceeded, arguing that it proved by clear and convincing evidence that defendant committed two detainable offenses, being UPWF due to it being a non-probationable offense and aggravated fleeing and eluding as defendant posed "a threat to the safety of the community based on his willful and wanton disregard for the safety of others when he fled from

the police." Defendant additionally had a significant criminal history, including violent offenses. The State asked that the motion be granted due to the trial court's error.

¶ 10    Defense counsel argued that no evidence was presented that proved the device was a taser under the definition included in the statute, and the State could not rely on the description in the affidavit alone for detention. Further, the State did not present sufficient evidence that defendant's actions in the fleeing and eluding charges "actually threatened or inflicted great bodily harm, permanent disability, or disfigurement." Defendant had been on release for three weeks at the time of the motion for relief hearing and was employed. He also obtained an appointment for outpatient drug dependency issues. Defendant was willing to comply with any conditions for pretrial release.

¶ 11    The trial court asked the parties what the standard of review was due to the case being heard before different judges. Defense counsel stated that the trial court should "just review it as to whether or not you think [the initial judge] erred in the decision that he made." The trial court interpreted this to mean a *de novo* review, to which defense counsel and the State agreed. The trial court stated that it considered the facts from the affidavit, defendant's criminal history of 5 felony convictions and 12 misdemeanors, including driving while suspended or revoked, aggravated battery, domestic battery, and aggravated assault. The trial court found that no condition or combination of conditions could mitigate the real and present threat to the safety of the community. The trial court granted the State's motion for relief.

¶ 12    On January 23, 2026, defendant filed a motion for relief. The motion argued that the trial court used the incorrect standard of review during the hearing. Specifically, the motion argued that the trial court should have applied the two-fold standard under *People v. Davis*, 2024 IL App (5th) 240120, ¶ 15. The motion asked the trial court to reconsider its position and, further, argued that the two-fold review should be used in reaching its decision.

4

¶ 13    The trial court held a hearing on the motion for relief on January 13, 2026. Defense counsel stated that there was no change in circumstances as to detention. Counsel stated, "[D]uring the hearing on [the State's motion for relief], the Court asked what the reviewing standard was. I think we decided it was a *de novo* standard," but counsel now asked the court to reconsider the arguments at the prior hearing under the two-fold standard. The State argued that *de novo* was the appropriate standard of review. The trial court denied the motion for relief. The defendant appealed.

¶ 14                                II. ANALYSIS

¶ 15    Defendant appealed on January 27, 2026. Trial counsel was listed as appellate counsel on the notice of appeal, but never filed an entry of appearance. Defendant was permitted, but not required, to file a memorandum on appeal. Defense counsel never filed a memorandum or a notice in lieu pursuant to Rule 604(h)(7). "Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Therefore, our review is limited to the issues raised by defendant in his motion for relief.

¶ 16    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2024). Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or

5

prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The State or the defendant may present evidence to the trial court by way of proffer based upon reliable information. *Id.* § 110-6.1(f)(2). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)).

¶ 17    As defendant did not file a memorandum on appeal, the issues presented in his motion for relief represent his arguments before this court. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). Defendant's motion for relief does not address any elements of pretrial detention. "Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." *Id.* A party may not simply "dump the burden of argument and research" on the reviewing court; rather, a reviewing court is "entitled to have the issues clearly defined and to be cited pertinent authority." (Emphasis omitted.) *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56.

¶ 18    "[D]efendants must endeavor to present a more complete analysis of the issues in their motions for relief or, as the rule allows, file a supplemental memorandum in support of the appeal rather than relying on the appellate court to do the work for them." *People v. Post*, 2025 IL App (4th) 250598, ¶ 23. Failure to comply with Rule 604(h)(7) by presenting arguments with "sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities," constitutes waiver of the issue on appeal. Ill. S. Ct. R. 604(h)(7), (2) (eff. Apr. 15, 2024).

¶ 19    In his motion for relief, defendant argues that the trial court used the incorrect standard of review when considering the State's motion for relief. Defendant asked the trial court to use the two-fold standard set forth in *People v. Davis*, 2024 IL App (5th) 240120, ¶ 15. We initially note that defendant's motion for relief was filed on January 7, 2026. The supreme court published *People v. Morgan* on February 6, 2025, 11 months prior, which established a *de novo* standard of review for pretrial detention hearings held without live testimony. *Morgan*, 2025 IL 130626, ¶ 54. Thus, defendant's reliance upon *Davis* in his motion for relief was misplaced.

¶ 20    Moreover, defendant's argument as to the standard of review at a motion for relief hearing does not provide the court with sufficient, or any, detail to enable meaningful appellate review of the decision to detain defendant, and the issues were not advanced by a memorandum on appeal. Defendant asserts no contentions that the trial court erred in finding that the proof was evident or presumption great that he committed a detainable offense, posed a real and present threat, or that no condition or combination of conditions could mitigate that threat. As such, we find all issues related to pretrial detention waived on appeal.

¶ 21                                    III. CONCLUSION

¶ 22    We affirm the trial court's November 3, 2025, order granting the State's motion for relief and detaining defendant and the January 13, 2026, denial of defendant's motion for relief.

¶ 23    Affirmed.