NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 260245-U

NO. 4-26-0245

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 4, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| MILES OLEJNICZAK, | ) | No. 25CF3213 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Paccagnini, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err in denying defendant pretrial release.

¶ 2         Defendant, Miles Olejniczak, appeals the circuit court's order denying his pretrial

release under section 110-6.1(a)(5) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/110-6.1(a)(5) (West 2024)). Defendant, standing on the arguments made in his motion for

relief, contends the following: (1) section 110-6.1(a)(5) of the Code (*id.*) is unconstitutional as

applied to him under the Illinois and federal constitutions, (2) his detention violates his right to

due process under the federal constitution, and (3) the State failed to prove by clear and

convincing evidence he posed an unmitigable threat to the safety of a person or persons or the

community. We affirm.

¶ 3                                I. BACKGROUND

¶ 4         In December 2025, the State charged defendant with three counts of child

pornography (720 ILCS 5/11-20.1(a)(6) (West 2024)). According to the criminal complaint, defendant knowingly possessed any film, videotape, moving depiction, or other visual reproduction or depiction by computer of any child defendant knew or should have known to be under the age of 18 portrayed in any pose, posture, or setting involving a lewd exhibition of unclothed or transparently clothed genitals or breasts.

¶ 5　　　　The State filed a verified petition to deny defendant pretrial release under section 110-6.1(a)(5) of the Code (725 ILCS 5/110-6.1(a)(5) (West 2024)). In that petition, the State asserted defendant's pretrial release poses a real and present threat to any person or persons or the community based on the nature of the charged offenses, the factual summaries of the charged offenses, defendant's criminal history, and the contents of the pretrial service report. According to the factual summary for this case, a Rockford police officer wrote the following, in part:

> "On Friday 10/10/25, I drafted a search warrant for
> [defendant's] black android phone. [Defendant] was already
> in[ ]custody for this case for three counts of Aggravated sexual
> abuse to his three victims, and one count of predatory criminal
> sexual assault. ***

* * *

> On Wednesday 10/22/25[,] I previewed [defendant's]
> phone extraction ***. *** I discovered several pictures of nude
> and semi-nude female children (under the age of 18). Some of the
> children are around five-years-old. Several other pictures
> (hundreds) were of female children anywhere in age from five to
> around fifteen in bathing suits, underwear, or dressed in tight

fitting clothing and posed in different positions.

I found three videos of child porn on [defendant's] phone ***.

- The first video is twenty-four seconds long and shows a white female around fourteen to fifteen years old performing oral sex on an adult white male. The female then has sex with the white male, after the adult male places his penis in her vagina.

- The second video is forty-six seconds long. The video is of a white female child around the age of five or eight years old. The female performs oral sex on an adult white male. The female child then gets on top of the male, and the male places his erect penis inside the child's vagina.

- The third video is nineteen seconds long. The video is of a black female child around the age of eight or ten who is performing oral sex on an adult white male. ***

I found three images in [defendant's] phone extraction for a telegram group ***. In the three images listings for different prices with folders attached are seen. The files are marked similar as follows: (3) $50 custom—toddler, young 3.03 GB. Each picture has several different categories listed with titles like young, all age, teen, toddler, and all age.

Three images for previews for '@cutiepiemodels' (Telegram group) were located in [defendant's] phone as well. In

these three images[,] eighteen pictures of child porn are located on the preview page each. In the preview, children as young as five years old are engaged in several different sexual acts or are nude.

I later uploaded the forty images of child porn and three videos of child porn to evidence.com and submitted a copy to property and evidence."

¶ 6    In the pretrial services report, the author reported defendant was unmarried and had no children. He resided with a cousin. Defendant had been working for one month before he turned himself in on the charges of this case. Defendant had been charged in October 2025 with three counts of the Class X felony of "Pred Crim Sex Aslt/Victim<13." The offenses allegedly occurred in August 2024. According to the report, defendant "is not being supervised by probation or parole," but he "is currently being supervised by Winnebago County Pretrial Services for the pending case of Pred Crim Sex Aslt/Victim-3 Counts (25CF2719)." Defendant was compliant with all conditions of release because the child-pornography offenses occurred before he was ordered to pretrial services in October 2025. Defendant's criminal history began in 2005, starting with a conviction for underage consumption of alcohol. Defendant had nine traffic offenses from 2005 to 2013. His record included a 2009 conviction for forgery, for which he was sentenced to two years in the Illinois Department of Corrections (DOC). Defendant's other convictions included a 2007 retail theft, a 2007 burglary, and a 2008 "Theft Control Intent." No incidents of failed probation or supervised release appear in the pretrial services report. Defendant scored a 10 out of 14, level 5, on the Virginia Pretrial Risk Assessment Instrument-Revised (VPRAI-Revised). This assessment showed defendant had two or more failures to appear.

¶ 7        At the hearing on the State's petition, the State proffered the factual summaries of this case and of Winnebago County case No. 25-CF-2719, as well as the pretrial services report. The State proffered no further evidence. In its argument related to proving no condition or combination of conditions could mitigate defendant's threat to the community, the State argued the following:

> "While this current pending case has a date before the defendant was put on pretrial release for the 25 CF 2719, three counts of predatory criminal sexual assault for victims under the age of 13, this case does—what this case does is fashions the seriousness of the defendant's action and the seriousness of the defendant's threat. Given the facts of the prior case, including the fact that this defendant was in possession of child pornography at that time, goes to show that this defendant is a danger to every minor. The Court will have to impose conditions, including a no-contact with all minors, as well as conditions including in—access to the internet, and access to any device capable of possessing child pornography or accessing, all of which indicates that it is unlikely that such a condition could be monitored and, therefore, would give the defendant free rein to not follow those conditions, and therefore, there are no conditions that can mitigate this defendant's threat."

¶ 8        Defense counsel countered defendant was the caregiver for his mother. Defendant, though unemployed at that time, had been working until he turned himself in on the

"current warrant," with which defendant complied. Counsel highlighted defendant was on pretrial release and was compliant, noting defendant's phone was searched during the investigation on the other charges. Counsel emphasized the State had not shown defendant would not comply with further conditions.

¶ 9        In deciding to grant the State's petition to deny defendant pretrial release, the circuit court mentioned the facts from case No. 25-CF-2719: "[W]hat I do see is that the individual[ ]s, those victims said that he would take photos, go into their pants and take photos of their private parts, and that they saw those photos when they went on his phone." In addition, the factual summary from that case stated "he was taking photographs while he was getting them to play phone, he was touching at least one of their vaginas." The court concluded defendant was not only viewing child pornography, but he was also creating it. The court found pretrial services would be unable to monitor an individual's social media use. The court further noted defendant had two or more failures to appear and a criminal history with sentences in the DOC.

¶ 10        In February 2026, defendant filed a motion for relief under the Code. In that motion, defendant set forth three main arguments. First, defendant contended section 110-6.1(a)(5) of the Code (725 ILCS 5/110-6.1(a)(5) (West 2024)) is unconstitutional, as it violates the Illinois Constitution. Second, defendant argued his pretrial detention violates due process, as his charged offenses are not of " 'the most serious of crimes' " (quoting *United States v. Salerno*, 481 U.S. 739, 747 (1987)). Third, defendant argued the State did not meet its burden of proving by clear and convincing evidence no condition or combination of conditions could mitigate the threat posed by defendant's release.

¶ 11        At the ensuing hearing, the circuit court denied defendant's motion for relief. This appeal followed.

- 6 -

¶ 12                                    II. ANALYSIS

¶ 13          On appeal, defendant filed a notice in lieu of a memorandum pursuant to Illinois

Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024), and thus, stands on his motion for relief filed

in the circuit court. Rule 604(h)(7) requires, in part, a motion for relief filed alone "must contain

sufficient detail to enable meaningful appellate review, including the contentions of the appellant

and the reasons therefore and citations of the record and any relevant authorities." *Id.*

¶ 14          Returning to defendant's motion for relief, his first challenge is to the

constitutionality of section 110-6.1(a)(5) of the Code (725 ILCS 5/110-6.1(a)(5) (West 2024)),

the section by which he was detained pretrial. Section 110-6.1(a)(5) makes any defendant

charged with violating section 11-20.1 of the Criminal Code of 2012 (Criminal Code) (720 ILCS

5/11-20.1 (West 2024)) whose release pretrial "poses a real and present threat to the safety of

any person or persons or the community" (725 ILCS 5/11-6.1(a)(5) (West 2024)) eligible for

pretrial detention. Defendant is charged with violating section 11-20.1(a)(6) of the Criminal

Code (720 ILCS 5/11-20.1(a)(6) (West 2024)).

¶ 15          Defendant asserts his charged offenses, which fall within section 110-6.1(a)(5),

do not require imprisonment and, therefore, his pretrial detention violates the Illinois

Constitution. Specifically, defendant points to article I, section 9 (Ill. Const. 1970, art. I, § 9),

which provides, in part: "All persons shall be bailable by sufficient sureties, except for the

following offenses where the proof is evident or the presumption great: *** felony offenses for

which a sentence of imprisonment, without conditional and revocable release, shall be imposed

by law as a consequence of conviction."

¶ 16          Defendant has not, however, complied with the requirement of Rule 604(h)(7)

stating the motion for relief must include "sufficient detail to enable meaningful appellate

review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." Defendant simply argues his pretrial detention violates the constitution without providing any reasons or supporting authorities for this conclusion. This is particularly problematic, as the Illinois Supreme Court has held the pretrial release provisions of the Code do not violate article 1, section 9. See *Rowe v. Raoul*, 2023 IL 129248, ¶¶ 25-27, 34. Defendant has developed no argument showing why the particular pretrial release provision used to detain him is an exception to the *Rowe* holding. He has therefore forfeited this claim. See *People v. Post*, 2025 IL App (4th) 250598, ¶ 22 (finding this court may deem forfeited any argument not in compliance with Rule 604(h)(7)).

¶ 17    Defendant's second argument in his motion for relief, wherein he claims section 110-6.1(a)(5) of the Code violates the due process clause of the fifth and eighth amendments to the federal constitution (U.S. Const., amends. V, VIII), fares no better. After making that initial assertion, defendant points to the federal Bail Reform Act (18 U.S.C. §§ 3141-3156 (2024)), without citation, and contends the United States Supreme Court has held that act constitutional because it was limited to "the most serious of crimes" (*Salerno*, 481 U.S. at 747). Defendant, with no explanation as to the reasons for this assertion, contends his charges for possession of child pornography are "certainly not 'the most serious of crimes.' " Like his first claim of unconstitutionality, defendant has forfeited this claim by not providing reasons or authority to support his conclusion. See *Post*, 2025 IL App (4th) 250598, ¶ 22.

¶ 18    Last, in his motion for relief, defendant asserts the State failed to prove by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community. Defendant emphasizes, since his pretrial release in case No. 25-CF-2719, he did not violate the conditions of release.

Defendant contends the State proffered no additional evidence, other than the factual summaries and the pretrial services report, and that proffered evidence alone was insufficient. Defendant further states the reliance on the VPRAI-Revised is misplaced, as the four points raising his score to a level 5 were due to an improper conclusion he was on community supervision in case No. 25-CF-2719, when the offenses in this case allegedly occurred.

¶ 19      To detain a defendant under the dangerousness standard, the State must prove by clear and convincing evidence, in part, "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case" (725 ILCS 5/110-6.1(e)(2) (West 2024)), and "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case (*id.* § 110-6.1(e)(3)(i)). The pretrial detention of a defendant is unlawful if the State fails to meet its burden on any one of the elements of section 110-6.1(e). See *People v. Thomas*, 2025 IL App (4th) 251082-U, ¶ 30 (quoting *People v. Sorrentino*, 2024 IL App (1st) 232363, ¶ 32). Because no live testimony was presented at the detention hearing, our review of defendant's detention order is *de novo*. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 20      While defendant does not challenge the State sufficiently proved he poses a real and present threat, the question of whether a criminal defendant poses a threat sufficient to deny pretrial release and of whether a condition or conditions can mitigate that threat "are two sides of the same coin." *People v. Romine*, 2024 IL App (4th) 240321, ¶ 16. "[T]he nature and severity of the threat necessarily determine the nature and severity of the conditions that could—or could not—mitigate the threat." *Id.*

¶ 21      Thus, to examine whether defendant's threat is mitigated by conditions, we begin

by considering the threat defendant poses. The Code lists factors to be considered when undertaking this task. These include the following:

"(1) The nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense.

(2) The history and characteristics of the defendant including:

(A) Any evidence of the defendant's prior criminal history indicative of violent, abusive or assaultive behavior, or lack of such behavior. ***

(B) Any evidence of the defendant's psychological, psychiatric or other similar social history which tends to indicate a violent, abusive, or assaultive nature, or lack of any such history.

(3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

(4) Any statements made by, or attributed to the defendant, together with the circumstances surrounding them.

(5) The age and physical condition of the defendant.

(6) The age and physical condition of any victim or complaining witness.

(7) Whether the defendant is known to possess or have

access to any weapon or weapons.

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release, or other release from custody pending trial***.

(9) Any other factors *** deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West 2024).

¶ 22  Considering these factors as they apply to defendant, we find defendant poses a significant threat to the most vulnerable in the community. While defendant has been charged with three counts of child pornography, the proffered evidence shows defendant possessed over 40 pieces of child pornography. The harm defendant has caused to the abused children is immeasurable. "Possession of child pornography is inextricable from the act of creating it, and '[t]he abuse endured by these children, created for those, like [the] defendant, who consume child pornography, is not a hypothetical possibility that may or may not come to pass. It has already happened.' " *People v. Popovich*, 2025 IL App (4th) 250196, ¶ 21 (quoting *People v. Jackson*, 2024 IL App (4th) 240441-U, ¶ 18). In addition to the harm caused and perpetuated by defendant's possession of these items, the proffer and defendant's charges for predatory criminal sexual assault demonstrates defendant created child pornography with multiple victims and, while doing so, committed sexual assault.

¶ 23  Although the record shows defendant did not violate any conditions of release in case No. 25-CF-2719, the facts of that case, considered along with the charged conduct in this

- 11 -

case, "reflect such a departure from the basic expectations of civil society that it becomes difficult to predict the defendant's compliance with court orders—or even societal norms regarding the safety of others—if the defendant is placed on pretrial release." *Romine*, 2024 IL App (4th) 240321, ¶ 20. In addition, the State's proffer shows defendant resided with his cousin at an address where he had lived for 10 years, over the time in which the charged offenses are alleged to have occurred. The State's proffers further establish defendant was engaged in the creating and merchandising of child pornography.

¶ 24 We find the State sufficiently proved no less restrictive conditions can mitigate the threat defendant poses to the community, and children in particular. The circuit court did not err in denying defendant's pretrial release.

¶ 25                                  III. CONCLUSION

¶ 26 We affirm the circuit court's judgment.

¶ 27 Affirmed.